UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| CHRISTOPHER ANTONIOUS, | : | |
|  | : | |
| *Plaintiff* | : | |
|  | : | |
| -against- | : | COMPLAINT |
|  | : | |
| THE NEW YORK RACING ASSOCIATION, INC., MOLLY BRINDLE, DARRAN MINER, and LYNN LAROCCA | : | JURY TRIAL DEMANDED |
| *Defendants.* | : | |

Plaintiff Christopher Antonious, by and through his attorneys THE ANTONIOUS LAW FIRM, upon knowledge and belief, and as against The New York Racing Association, Inc. ("Defendant Corporation"), Molly Brindle, Darran Miner, and Lynn LaRocca ("Individual Defendants"), (collectively "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiff is a former employee of the Defendants The New York Racing Association, Inc. (hereinafter "NYRA"), Molly Brindle, Darran Miner, and Lynn LaRocca.

2. The Defendants principal office is located at 110-00 Rockaway Blvd, Jamaica, New York, 11417. Defendants own, operate, or control three thoroughbred horse-racing tracks in the state of New York: (1) the Aqueduct Racetrack, located at 110-00 Rockaway Blvd, South Ozone Park, NY 11420; (2) Belmont Park, located at 2150 Hempstead Turnpike, Elmont, NY 11003;

1

and (3) Saratoga Springs, located at 267 Union Ave, Saratoga Springs, NY 12866 (collectively "racetracks").

3. Defendants' principal office is located at the aforementioned Aqueduct Racetrack in South Ozone Park, New York (hereinafter "Aqueduct Office.)

4. Upon information and belief, the individual defendants, Individual Defendants Molly Brindle, Darran Miner, and Lynn LaRocca, serve or served as owners, managers, principals, or agents of the Defendant Corporation, and, through this these corporation entities, operate or operated the race tracks as a joint or unified enterprise.

5. Plaintiff was employed as a salesperson on a partial commission basis.

6. His principal duties were to sell corporate sponsorships on behalf of the Defendant Corporation to increase their sales revenue.

7. Although the Defendants assigned him as a "Sales Manager, Strategic Partnerships" in employment records, his actual duties did not include the management or supervision of any employees. His duties did not require any independent discretion or judgment.

8. The Plaintiff primarily worked out of the Defendants' Aqueduct Office.

9. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that he worked.

10. Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay the Plaintiff appropriately for any hours worked over 40.

11. Further, Defendants failed to pay the Plaintiff the required "spread of hours pay" for any day in which he worked over 10 hours per day.

12. Upon information and belief, Defendants employed a policy and practice of disguising Plaintiff's actual duties in employment records by designating him as a "manager" with the intent and purpose of avoiding required overtime pay pursuant to federal and state law regulations.

13. Pursuant to the written agreement, Plaintiff is also due unpaid commissions wages on new sales in the amount of 3%, or for existing and renewal sales in the amount of 1.5%.

14. Defendants breached their written employment agreement with the Plaintiff by failing to pay him commission wages he earned.

15. Upon information and belief, Defendants also unlawfully retaliated against the Plaintiff for seeking lawful unpaid wages due by fabricating claims regarding his theft of employer materials and records.

16. Plaintiff now brings for this action for breach of contract, unpaid overtime and retaliation pursuant to Fair Labor Standards Act of 1938, 29 U.S.C. §§ 15(a)(3) and 201 *et. seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et. seq.*, 195 *et. seq.*, 215, and 650 *et. seq.* ("NYLL"), and for a violation of the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y COMP. CODES R. & REGS. Tit. 12 §142-2.4(a)(2009)(hereinafter "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

18. Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district. Defendants maintain their corporate headquarters offices within this district, and Defendants operate a racetrack in this district. Furthermore, Plaintiff was employed by the Defendants in this district.

## THE PARTIES

*Plaintiff*

19. Plaintiff Christopher Antonious is an adult individual residing in Queens County, New York.

20. Plaintiff was employed by Defendants from November 15, 2016 until August 25, 2017.

21. Plaintiff worked at the Defendants' principal office, located at the Aqueduct Racetrack.

*Defendants*

22. At all relevant times, Defendants owned, operated, or controlled the racetracks. The Defendant Corporation' principal office is located at the Aqueduct Racetrack, which is located in this district. Upon information and belief, the Defendant Corporation are domestic non-for-profit corporations organized and existing under the laws of the State of New York.

23. Defendant Molly Brindle is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Molly Brindle is sued individually in his/her capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Molly Brindle possesses operational control over the Defendant Corporation, an ownership interest in the Defendant Corporation, or controls significant functions of the Defendant Corporation. He/she determined wages and compensation of employees of

Defendants, including the Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

24. Defendant Darran Miner is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Darran Miner is sued individually in his/her capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Darran Miner possesses operational control over the Defendant Corporation, an ownership interest in the Defendant Corporation, or controls significant functions of the Defendant Corporation. He/she determined wages and compensation of employees of Defendants, including the Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

25. Defendant Lynn LaRocca is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Lynn LaRocca is sued individually in his/her capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Lynn LaRocca possesses operational control over the Defendant Corporation, an ownership interest in the Defendant Corporation, or controls significant functions of the Defendant Corporation. He/she determined wages and compensation of employees of Defendants, including the Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

26. Defendants operate the racetracks located throughout the State of New York, with the principal office located in the Aqueduct Racetrack in the Eastern District of New York.

27. The Individual Defendants Molly Brindle, Darran Miner, and Lynn LaRocca, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of the Defendant Corporation.

28. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29. Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of the Plaintiff.

30. Defendants jointly employed Plaintiff and are the Plaintiff's employers within the meaning of 29 U.S.C. § 201, *et. seq.* and the NYLL.

31. In the alternative, Defendants constitute a single employer of the Plaintiff.

32. Upon information and belief, Individual Defendants Molly Brindle, Darran Miner, and Lynn LaRocca, operate the Defendant Corporation as either an alter ego of themselves and/or fail to operate the Defendant Corporation as an entity legally separate and apart from themselves, by and among other things:

   a. failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation;

   b. defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records;

   c. transferring assets and debts freely as between all Defendants;

   d. operating Defendant Corporation for their own benefit as the sole or majority shareholders;

      e.   operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation;

      f.   intermingling assets and debts of their own Defendant Corporation;

      g.   diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests; and

      h.   other actions evincing a failure to adhere to the corporate form.

33. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and the NYLL. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff's services.

34. In each year from 2016 to the present, Defendants both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise tax at the retail level that are separately stated).

35. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, employees, including the Plaintiff, solicited and sold corporate sponsorships outside the State of New York.

*The Plaintiff*

36. Plaintiff was employed by Defendants from November 15, 2016 until August 25, 2017.

37. Plaintiff primarily worked at the Defendants' principal office, located at the Aqueduct Racetrack.

38. Plaintiff was employed as a salesperson on a partial commission basis.

7

39. Defendants assigned him a title of "Sales Manager, Strategic Partnerships" in their employment records.

40. Plaintiff's principal duties were to sell corporate sponsorships on behalf of the Defendant Corporation to increase their sales revenue.

41. Plaintiff regularly engaged in interstate commerce by soliciting sales and sponsorships with clients outside the state of New York

42. Plaintiff's work duties did not include the management or supervision of any employees.

43. His primary role was to sell sponsorships to clients and manage ongoing client accounts.

44. Plaintiff's work duties required neither discretion nor independent judgment.

45. Throughout his employment with Defendants, Plaintiff regularly worked in excess of 40 hours per week.

46. From November 15, 2016 through August 25, 2017, Plaintiff typically worked 80 hours per week.

47. Throughout his employment with Defendants, Plaintiff typically worked 50 hours per week working out of the Defendants' principal office at the Aqueduct Racetrack.

48. Throughout his employment with Defendants, Plaintiff typically worked and 30 hours per week from home.

49. Throughout his employment with Defendants, Plaintiff spent no more than 10 hours per week meeting with clients outside the office.

50. Throughout his employment with Defendants, Plaintiff was paid his wages via a payroll check, with payroll withholdings deducted.

51. Throughout his employment, Plaintiff was paid a fixed salary of $1,442.31 per week.

52. Plaintiff's pay did not vary even when he was required to stay late of work a longer day than his usual schedule.

53. Defendants regularly required Plaintiff to work 10-hour days during the workweek and 30 hours on the weekends, and they did not pay him for the extra time he worked.

54. Plaintiff was also required to drive up for a training and orientation event on November 10, 2016 and November 11, 2016, where he spent 20 hours training, and he was not paid for those hours worked.

55. Defendants also regularly required Plaintiff to be on call during his lunch break, and therefore this period was not a bona-fide "rest period."

56. For example, Plaintiff's direct superior, Individual Defendant Molly Brindle, regularly complained about and harassed the Plaintiff for attempting to take lunch breaks, even though he stated to her he was entitled to take such breaks

57. From the date he was employed in November 2016 through July 12, 2017, Plaintiff was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device to track Plaintiff's hours, such as punch cards, that accurately reflected his actual hours worked.

58. On July 12, 2017, Plaintiff was asked to informally keep track of required to track daily hours, which was submitted to Defendants periodically.

59. At no time during his employment, did Plaintiff's weekly wage statements contain a record of his hours worked as required by NYLL §195(3).

60. No notification, either in the form of posted notices or other means, was ever given to the Plaintiff regarding overtime and wages under the FLSA and the NYLL.

9

61. Defendants did not give any notice to the Plaintiff of his rate of pay, regular pay day, and such other information as required by the NYLL §195(1).

62. Pursuant to a written employment agreement executed upon hiring, Plaintiff was also entitled to commission wages on new sales in the amount of 2.5%, or for existing and renewal sales in the amount of 1.5%.

63. On or about March 2017, Plaintiff was sent an email by his supervisor which contained a new commission structure applicable to his sales (hereinafter "Commission Memo").

64. Pursuant to the Commission Memo, the Plaintiff was entitled to a commission increase of 3% for new sales. The commission of 1.5% for existing and renewal sales remained the same.

65. Although the Plaintiff made multiple new sales and renewal sales, Defendants failed to pay him all commission wages earned.

66. On or about the week of August 14, 2017, Plaintiff made a request to his direct superior, Individual Defendant Molly Brindle, for one day off after working 16 days in a row, 12 hours a day, with not overtime pay.

67. His request was denied.

68. On or about August 23, 2017, Plaintiff made another complaint to HR about his employer's failure to allow him a bona fide lunch break or to provide him with a day off after being forced to work overtime for 16 days in a row, 12 hours a day, but with no overtime pay.

69. In direct retaliation for his labor law violation complaints, Plaintiff was terminated two days later on August 25, 2017. He was also denied payment of his outstanding commission wages.

70. Upon his termination, Defendants required Plaintiff to be escorted to his desk to collect his belongings and to as he was removed from the premises in plain view of his colleagues.

71. Defendants also required Plaintiff to sign a Trespass Notice, which threatened that if he returned to the premises he could be subject to arrest.

72. Defendants had no reasonable or good faith cause to require an escort or a trespass notice. Rather, such actions were made purposefully by Defendants to humiliate, harass, and intimidate the Plaintiff, and to negatively impact his reputation.

73. Defendants also unlawfully retaliated against the Plaintiff after he was terminated. When Defendants received Plaintiff's pre-suit demand for unpaid wages, Defendants falsely accused Plaintiff of misappropriation of trade secrets and computer fraud in retaliation for his claims, and in an effort to intimidate him from pursuing his lawful claims.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF FLSA)

74. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

75. At all times relevant to this action, Defendants have been Plaintiff's employers within the meaning for the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants have had the power to hire and fire the Plaintiff, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for their employment.

76. At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

77. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r-s).

78. Defendants, in violation of 29 U.S.C. § 207(a)(1) of the FLSA, have failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

79. Defendants failure to pay the Plaintiff, overtime compensation has been willful within the meaning 29 U.S.C. § 255(a).

80. Plaintiff have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

81. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

82. Defendants, in violation of N.Y. Lab Law §190 *et. seq.* and supporting regulation of the New York State Department of Labor, have failed to pay the Plaintiff overtime compensation rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

83. Defendants have failed to pay the Plaintiff in a timely fashion, as required by Article 6 of the New York Labor Law.

84. Defendants failure to pay the Plaintiff overtime compensation has been willful within the meaning of N.Y. Lab. Law §663.

85. The Plaintiff has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

86. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

87. Defendants have failed to provide the Plaintiff with a written notice of his rate of pay, regular pay day, and such other information as required by the NYLL §195(1).

88. Defendants are liable to the Plaintiff in the amount of $2,500, together with costs and attorney's fees.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW)

89. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

90. Defendants have not provided the Plaintiff with a statement of wages with each payment of wages, as required by the NYLL §195(3).

91. Defendants are liable to the Plaintiff in the amount of $2,500, together with costs and attorney's fees.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR)

92. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

93. Defendants have failed to pay the Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of N.Y. Lab. Law §§ 190 *et. seq.* and 650 *et. seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, §142-2.4(a)(2009).

94. Defendants' failure to pay the Plaintiff an additional hour's pay for each day the Plaintiff's spread of hours exceeded ten hours has been willful within the meaning of the N.Y. Lab. Law § 663.

95. The Plaintiff has been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE RETALIATION PROVISIONS OF THE FLSA)

96. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

97. Defendants unlawfully retaliated against Plaintiff pursuant to pursuant to 29 U.S.C. §215(a)(3).  Defendants unlawfully discriminated against and discharged Plaintiff for making complaints about labor law violations against him.

98. Upon making his multiple complaints, Plaintiffs put Defendants on notice of the labor law violations at issue.

99. Plaintiff was discharged two days after making his written complaint to HR, and his complaint was a clear and evident cause of his termination.

100. Defendants further retaliated against Plaintiff by withholding his commission wages and by making false accusations in an effort to dissuade him from pursuing his labor claims.

101. The Plaintiff has been damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE RETALIATION PROVISIONS OF THE NYLL)

102. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

103. Defendants unlawfully retaliated against Plaintiff pursuant to pursuant to N.Y. Lab. Law §215.  Defendants unlawfully discriminated against and discharged Plaintiff for making complaints about labor law violations against him.

104. Upon making his multiple complaints, Plaintiffs put Defendants on notice of the labor law violations at issue.

105. Plaintiff was discharged two days after making his written complaint to HR, and the complaint was a clear and evident cause of his termination.

106. Defendants further retaliated against Plaintiff by withholding his commission wages and by making false accusations in an effort to dissuade him from pursuing his labor claims

107. The Plaintiff has been damaged in an amount to be determined at trial.

### EIGHTH CAUSE OF ACTION
### (VIOLATION OF NYLL PROVISIONS REGARDING PAYMENT OF COMMISSIONS)

108. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

109. Defendants have failed to pay the Plaintiff all earned commissions within five business days of his termination, or within five business days after they have become due, in violation of the N.Y. Labor Law §191-c.

110. The Plaintiff has been damaged in an amount to be determined at trial.

### NINTH CAUSE OF ACTION
### (BREACH OF CONTRACT)

111. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

112. Defendants failed to compensate Plaintiff for commissions earned pursuant to the written employment agreement executed upon hiring.

113. Plaintiff was entitled to a commission of 2.5% for new sales from November 25, 2016 through on or about March 2017, and a commission of 3% for new sales from

March 2017 forward. Plaintiff was also entitled to a commission of 1.5% for existing and renewal sales.

114.    The Plaintiff has been damaged in an amount to be determined at trial

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter judgment against Defendants by:

(a) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA;

(b) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under the FLSA, with respect to the Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violations of the provisions of the FLSA have been willful as to the Plaintiff;

(d) Awarding the Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(e) Awarding the Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29. U.S.C. § 216(b);

(f) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to the Plaintiff;

(g) Declaring that Defendants have violated the recordkeeping requirements of the NYLL, with respect to the Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(h) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to the Plaintiff;

(i) Declaring that Defendants' violations of the NYLL have been willful as to the Plaintiff.

(j) Declaring that Defendants have violated the provisions of § 191 of the NYLL;

(k) Awarding the Plaintiff damages for the amount of unpaid overtime wages as well as damages for any improper deductions or credits taken against wages as well as awarding a spread of hours pay under the NYLL as applicable;

(l) Awarding the Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions pursuant to NYLL §198(1-b), 198(1-d);

(m) Awarding the Plaintiff liquidated damages in an amount equal to 100% of the overtime compensation shown to be owed pursuant to NYLL §663 as applicable;

(n) Awarding Plaintiff damages for Defendants' violations of 29 U.S.C. §215(a)(3);

(o) Awarding Plaintiff damages for Defendants' violations of N.Y. Lab. Law §215;

(p) Declaring Defendants in violation of N.Y. Labor Law §191-c for failure to pay commissions timely, and awarding damages.

(q) Declaring Defendants in breach of contract for failure to pay commissions, and awarding Plaintiff damages for unpaid commission wages.

(r) Awarding the Plaintiff pre-judgment and post-judgment interest as applicable;

(s) Awarding the Plaintiff the expenses incurred in this action, including costs and attorney's fees;

(t) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

(u) All such other relief that this Court may deem just and proper.

## **PRAYER FOR RELIEF**

Plaintiff demands a trial by jury on all issues triable by jury.

Dated: Queens, New York
April 18, 2018                    BY: THE ANTONIOUS LAW FIRM

s:/ Jacqueline S. Kafedjian
Jacqueline S. Kafedjian, Esq.  (JA1720)
*Attorney-for-Plaintiff*
62-26 Myrtle Avenue,
Suite 105
Glendale, NY 11385
Tel: (718) 456-5500
Fax: (718) 335-8369
jackie@antoniouslawfirm.com